# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 02-20188

UNITED STATES OF AMERICA,
Plaintiff - Appellee

v.

CARLOS ALBERTO PEREIRA-SORTO,
Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
(01-CR-690)

November 27, 2002

Before BENAVIDES and DENNIS, Circuit Judges, and WALTER, District Judge.[*]

Per Curiam.[**]

Carlos Alberto Pereira-Sorto ("Pereira-Sorto") pleaded guilty to unlawful presence in the United States after deportation, in violation of 8 U.S.C. §§1326(a),

---

[*]District Judge for the Western District of Louisiana sitting by designation.

[**]Pursuant to Fifth Circuit Rule 47-5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47-5.4.

(b)(2). The district court imposed an 8-level increase under the sentencing guidelines because Pereira-Sorto had previously been convicted of an aggravated felony, unauthorized use of a motor vehicle ("UUMV"). The district court then sentenced Pereira-Sorto to 30 months' imprisonment followed by 3 years' supervised release. Pereira-Sorto argues on appeal that the district court erred in enhancing his sentence. Pereira-Sorto contends, and the Government concedes, that his prior conviction for UUMV, in and of itself, does not constitute a "crime of violence" or "aggravated felony" for the purposes of USSG §2L1.2(b)(1)(C). Based on the our holding in United States v. Charles, 301 F.3d 309 (5th Cir. 2002) (en banc), and the Government's concession, we **VACATE** the sentence and **REMAND** for re-sentencing.

Pereira-Sorto further argues on appeal that in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, – L.Ed.2d – (2000), the "felony" and "aggravated felony" provisions found at 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional. We reject this argument despite the Apprendi Court's expressed misgivings about the propriety of its holding in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998),[1] Almendarez-Torres was not overruled and still

---

[1]See Apprendi, 530 U.S. at 489, 120 S.Ct. at 2348 (stating that "it is arguable that *Almendarez-Torres* was incorrectly decided").

controls.[2] Accordingly, Pereira-Sorto's argument is foreclosed.

---

[2]It is for this Court to apply the law as it exists and for the Supreme Court to overrule its precedent if it so chooses. See Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) ("'[I]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions.'" (quoting Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)).